## Case No. 15,921.

### UNITED STATES v. ONE BARREL OF WHISKEY.

[4 Int. Rev. Rec. 146.]

District Court, D. Wisconsin. 1866.

INTERNAL REVENUE—SEIZURE—FORFEITURE.

Section 68 of the excise act of June 30, 1864 [13 Stat. 218], confers no authority for the seizure of distillery and lot on which situate or for subjecting such real estate to decree of forfeiture.

MILLER, District Judge. This information is brought under the act to provide ways and means for the support of the gov-

ernment, approved June 30, 1864, c. 172 (13 Stat. 218). The alleged causes of seizure by the collector are for neglect of the owner and superintendent of the distillery to keep books, and make daily entries therein, and to make returns, and pay the duties as required by section 57 of the act. The information is against the whiskey distilled, and the distilling apparatus, and also against the distillery, and the lot of ground whereon it is situated. By section 68, the owner, agent, or superintendent of any still, boiler, or other vessel used in the distillation of spirits on which duty is payable, who shall neglect or refuse to make true and exact entry and report of the same, or to do or cause to be done any of the things by law required to be done as aforesaid shall forfeit for every such neglect or refusal all the liquors and spirits made by or for him and all the stills, boilers and other vessels used in distillation, together with the sum of five hundred dollars, to be recovered with costs of suit, which said liquors or spirits with the vessels containing the same, with all the vessels used in making the same, may be seized by any collector or deputy collector of internal duties, and held by him until a decision shall be had thereon according to law. It will be observed that the stills and boilers are expressly subjected to forfeiture with other vessels used in distillation; but there is no express authority for the seizure by the collector of the stills and boilers. The articles made subject to seizure being loose and easily carried away, the collector is required to hold them until a decision shall be had. The stills and boilers, usually of a more permanent nature, from being built into or composing part of the distillery, it may be that the authority to seize and hold them was not considered necessary. But of this I give no opinion. At all events, the stills and boilers are subject to forfeiture. There is no authority in that section for the seizure of the distillery and lot by the collector, or for subjecting such real estate to a decree of forfeiture. It is contended by the district attorney, that for the non-payment of duties with ten per cent added in pursuance of section 69, a lien is created on the distillery and lot, and thereby a decree of forfeiture and sale is the appropriate remedy. The section provides that until such duties with such addition shall be paid, they shall be and remain a lien upon the distillery where such liquors have been distilled, and upon the stills, boilers, vats, and all other implements thereto belonging, and upon the lot or tract of land whereon the distillery is situated, until the same shall have been paid. And in case of refusal or neglect to pay said duties with the addition, within ten days after the same shall have become payable, the amount thereof may be recovered by distraint and sale of the goods, chattels and effects of the delinquent. There is clearly no express

authority given by this section, for this proceeding against the distillery and lot. The section provides that the duties with the addition of ten per cent. shall remain a lien upon the distillery until paid. And the remedy is given for nonpayment for the recovery of the amount thereof by distraint and sale of the goods, chattels, and effects of the delinquent. The distraint is not confined to the distillery, apparatus or utensils, but may be generally of the goods, chattels, and effects of the delinquent. The rule is that when a statute creates a duty, and prescribes a remedy, the proceeding directed must be followed. The distillery and lot will not be entered in the decree.